DAUEFER–LIEBERMAN BREWING CO. v. DORAN, Prohibition Com'r, et al.

No. 5005.

District Court, E. D. Pennsylvania.
May 28, 1929.

832

Butz & Rupp, of Allentown, Pa., and Taylor, Chadwick & Weeks, of Chester, Pa., for plaintiff.

George W. Coles, U. S. Atty., of Philadelphia, Pa., for defendants.

DICKINSON, District Judge.

This cause began as on a motion for a preliminary injunction. It was argued, but the court was unable to enter any order therein because the plaintiff had not filed the supporting affidavits required by the rules of court. This was due to a misunderstanding, plaintiff thinking that the defendants had agreed that the motion might be heard on the averments of the bill without supporting affidavits. These affidavits were, however, promptly filed and the motion set down again for a hearing. At this hearing it was stipulated that there being no essential facts in dispute, the cause might be heard as upon final decree. It is accordingly so heard.

The cause itself from the standpoint of the plaintiff is that of a revocation of an issued permit without a previous citation as required by the act of Congress. From the standpoint of the defendants it is the case of the refusal, in the exercise of his discretion, by a Prohibition Commissioner of an application for a permit. This at first glance would seem to be a difference over a fact. To make clear, however, that the case does not present a fact controversy, we may have resort to the familiar classification of facts into those which are evidentiary in their character and those which are ultimate facts deduced from the evidentiary facts. The latter are not here in controversy. Ultimate fact findings and conclusions of law are often hard to be distinguished. The conclusion to be reached, whether it be an ultimate fact finding or a conclusion of law, is to be determined in accordance with a sound judgment of what is the law.

To present the precise point confronting us, we may premise that the National Prohibition Law (27 USCA) calls for different kinds of permits. One kind of permit is that issued to manufacturers of a potable alcoholic beverage; another kind is the permit issued to a manufacturer of a nonpotable beverage, which, having an alcoholic content, may be manipulated so as to produce a forbidden liquor. One distinction between the two kinds of permits is that the first is a yearly permit automatically expiring with the current calendar year; the second is a permit to which no time limitation is attached by the act of Congress. The permit here is one of the first class.

An outline statement of what we have called the evidentiary facts is that a yearly permit had been issued with yearly renewals covering several years to the plaintiff. A supposed ground for the revocation of the then issued permit existed in the mind of the Commissioner. The plaintiff was accordingly notified that his permit would not be renewed at the end of the then current year, but that his application for a renewal (which was required to be filed in the August preceding the termination of the old permit) would be considered by the Commissioner and a hearing thereon allowed to the plaintiff. The inquiry which followed was not completed before the end of the year, and not wishing to stop the business of the plaintiff until a decision was reached upon the question of a renewal of the permit, the Commissioner issued a permit to the plaintiff which by its terms was limited to a month and which would renewed from month to month and would doubtless have been kept in force until the end of the investigation then being made except for the happening next mentioned. The inquiries into the grounds for refusing a renewal of the yearly permit had progressed to about the point of reaching a finding that the plaintiff should have his permit granted when information came to the Commissioner of a fresh act on the part of the plaintiff which supplied a new ground for a refusal of his permit. The Commissioner thereupon notified the plaintiff that monthly permits under which he was operating would not be renewed and would expire at the end of the then current month, and that the pending application for a renewal of the yearly permit was denied. This, if a lawful order, left the plaintiff without a permit to do business and of course stopped its operations.

The practical effect of what has been done (assuming a permit to have been outstanding) is that the plaintiff's permit has not only been revoked without a citation and a hearing, but has been revoked on a ground into which there has been no inquiry whatever and based upon a charge which the plaintiff has had no opportunity to answer.

The defendants met this by the averment that there was no permit and hence no revocation of an existing permit to which the act of Congress would apply, and that the case

is one of an application for a permit denied in the exercise of a sound discretion by the Commissioner.

It is urged upon us on behalf of the defendants that if we were informed on the grounds upon which the Commissioner based his action, we would be so far convinced that the plaintiff should not enjoy the privilege of a permit as that we would unhesitatingly approve of the order made by the Commissioner.

Be this as it may, and the real merits of the cause such as suggested, whatever they may be, it seems to us that we are limited to the sole inquiry of permit or no permit. The plaintiff plants his claim of permit upon the rulings of this court that a permit of the second class, to which we have referred, could not be restricted and limited by the Commissioner by a regulation of the treasury or otherwise to the yearly permit referred to as permits of the first class.

The argument presented to us is that if a permit without limit of time cannot be limited to a year, by the same token a yearly permit cannot be limited to a month. It is within the lawful power of a Commissioner in the kind of business in which the plaintiff is engaged to grant or withhold a permit as he may determine. When, however, he issues a permit, it is the permit whose terms are defined by the act of Congress and so defined is a permit for a year, and it is not in the power of the Commissioner to rewrite the act of Congress and to reclassify permits by introducing a third kind of permit which lasts only for a month.

This argument is answered on behalf of the defendants by the further statement that the Commissioner did issue a monthly permit; that this permit was either a lawful or an unlawful one; if it was lawful, the permit of the plaintiff ended with the month; if it was not lawful, it was a nullity; and the conclusion is drawn that the permit was either a permit for a month or that it was no permit at all, with the further consequence that in the latter event the plaintiff was asking for the right to carry on a brewery business without a permit so to do.

We are unable to accept this latter view, and accept the view presented by counsel for the plaintiff that a permit was issued and by law that permit was a permit for a year, and not having been revoked in the manner pointed out by Congress, the Commissioner was without lawful power to deny to the plaintiff the rights which the permit confirmed to him.

It may be proper to add that some complaint was made that the Commissioner while seeking a control was holding a whip over the plaintiff and was prolonging this control under the guise of conducting an inquiry which was not expected or indeed intended to have an end. The defendants answered this complaint by offering to give to the plaintiff a hearing which could be brought to a conclusion and a decision following which could be reached within three days. It was pointed out to the plaintiff as the practical situation confronting us that a citation could be issued at once and a hearing had within a few days so that a restored permit would only be effective for a very short time. The plaintiff, however, and we think in this is fully within its rights, asks that the rights and privileges which belong to it under the existing permit as defined by law be determined.

We accordingly make the finding that the order of the Commissioner should be reversed and all the permit rights of the plaintiff be restored to it, and a decree in conformity with this finding may be submitted.