### PANCHERI v. WYNNE, Prohibition Administrator.*
### No. 646.

District Court, M. D. Pennsylvania.
March 28, 1930.

P. J. Friel, of Philadelphia, Pa., for complainant.

Richard Hoy Woolsey, of Philadelphia, Pa., for defendant.

JOHNSON, District Judge.

On February 7, 1930, the plaintiff filed his bill in equity, praying that the defendant be restrained from interference with the operation of his cereal beverage business at premises, 335–337 W. Broadway, Mauch Chunk, Carbon county, Pa. On the plaintiff's bill a temporary restraining order on the defendant was granted. On February 17, 1930, the defendant filed his answer to the plaintiff's bill, and on the same date a hearing was had on the issues raised by the bill and answer.

From the bill and answer the following facts appear: On July 24, 1928, the plaintiff applied to the prohibition administrator for

*For opinion on rehearing affirming decree, see 41 F.(2d) ——.

a permit to operate a cereal beverage plant. On October 10, 1928, the plaintiff's application was refused. On January 23, 1929, a hearing was had on the refusal to grant the permit, after which the administrator again refused the application for a permit. The plaintiff filed his bill for a review of the decision of the prohibition administrator in refusing to grant the permit to the plaintiff, and on August 23, 1929, after hearing, this court ordered the prohibition administrator to issue the permit to the plaintiff. On September 9, 1929, the prohibition administrator issued a permit to the plaintiff to operate a cereal beverage plant, limiting the duration of the permit to December 31, 1929. On November 22, 1929, the plaintiff applied for a permit to cover the year 1930. On December 19, 1929, the plaintiff's application for a permit for the year 1930 was refused. The plaintiff continued to operate his cereal beverage plant after December 30, 1929, contending that the permit granted September 9, 1929, continued, under the law, until December 31, 1930. Immediately upon the expiration of the 1929 permit, prohibition agents, under a search warrant, entered the plaintiff's premises, seized the beer, and interfered with the operation of the plaintiff's cereal beverage plant. To restrain the prohibition agents from interference with the operation of the plaintiff's cereal beverage plant during the year 1930, a bill of complaint was filed, and a temporary restraining order was issued.

The question here raised is whether the permit issued September 9, 1929, terminated December 31, 1929, or December 31, 1930, and this question will be determined by the proper interpretation of section 6, tit. 2, of the National Prohibition Act, section 16, tit. 27 USCA. The particular part of the act of Congress controlling the question here raised is as follows:

"All permits to manufacture, prescribe, sell, or transport liquor, may be issued for one year, and shall expire on the 31st day of December next succeeding the issuance thereof: Provided, That the commissioner may without formal application or new bond extend any permit granted under this chapter or laws now in force after August 31 in any year to December 31 of the succeeding year."

Under this provision, the Prohibition Commissioner may issue a permit for one year which shall expire on December 31st of that year, provided one calendar year elapses between the issuance of the permit and the 31st day of December following; but, in any event, the permit shall expire on December 31st next succeeding the issuance thereof. In other words, the Prohibition Commissioner may issue at the longest a permit for one year, provided the condition as to time will permit, but in no event can he issue a permit to extend beyond the 31st day of December next succeeding the date of the issuance of the permit. In limiting the permit to December 31, 1929, the Commissioner was only doing what the law prescribed.

Here the permit was issued September 9, 1929, and, under the provisions of the law, the permit would expire December 31, 1929, unless extended by the Commissioner. This permit was not extended by the Commissioner to cover the year 1930, and therefore the plaintiff was without a permit to operate his cereal beverage plant during any part of the year 1930. His operation of his cereal beverage plant in 1930 was therefore illegal, and the prohibition agents had a right, under a search warrant, to visit the plaintiff's property and to take charge of the same, if the plaintiff was illegally operating it.

It follows, therefore, that the temporary injunction heretofore issued must be dissolved and the prayer for a permanent injunction refused.

The decision in the case of Dauefer-Lieberman Brewing Co. v. James M. Doran et al. (D. C.) 38 F.(2d) 831, cited by the plaintiff to sustain his position that the permit issued September 9, 1929, extended by operation of law to December 31, 1930, does not apply in this case. If this decision is meant to hold in a case like the one in hand that the permit issued September 9, 1929, must extend to December 31, 1930, and did not expire December 31, 1929, this court cannot follow such holding.

And now, February 28, 1930, this cause came on to be heard at this term, and was argued by counsel; and thereupon, upon consideration thereof, it is ordered, adjudged, and decreed that the temporary injunction, heretofore issued restraining the defendant from interfering with the operation of the plaintiff's cereal beverage plant, is dissolved, and the prayer for a permanent injunction is refused, and the bill in equity is accordingly dismissed.