**PANCHERI v. WYNNE, Prohibition Administrator.**

No. 646.

District Court, M. D. Pennsylvania.

June 13, 1930.

For former opinion, see 39 F.(2d) 155.

J. W. Crolly and P. J. Friel, both of Philadelphia, Pa., for complainant.

Richard Hay Woolsey, of Philadelphia, Pa., for defendant.

JOHNSON, District Judge.

On August 23, 1929, the court directed the Prohibition Administrator to issue to Francis J. Pancheri a permit to operate a cereal beverage plant. In pursuance of this order, permit was issued on September 6, 1929, which, according to the provisions stated in the permit, was limited to expire on December 31, 1929.

The permittee contended that by the operation of the law and the regulations of the Treasury Department, the permit issued September 6, 1929, continued to December 31, 1930. He continued to operate his cereal beverage plant beyond December 31, 1929, and, having been interfered with by the prohibition officials, he filed on February 7, 1930, his bill for an injunction to prevent the prohibition officials from further interfering with the operation of his plant. The court granted a preliminary injunction, but on February 28, 1930, after hearing, it dissolved the preliminary injunction and dismissed the bill. 39 F.(2d) 155. On March 20, 1930, on petition, a rehearing was granted.

The question now before the court is whether the permit issued September 6, 1929, expired December 31, 1929, or whether it extended to and will expire on December 31, 1930.

By the National Prohibition Act, tit. 2, § 1(7), 27 USCA § 4(7), the Prohibition Commissioner, with the approval of the Secretary of the Treasury, is authorized to make regulations for carrying out the provisions of the Act. Regulation 2, § 218, provides:

"All permits issued and in force and effect on the effective date of these regulations shall expire on December 31, 1928, unless renewed in the manner hereinafter specified; all permits hereafter issued, if issued prior to September 1 of any calendar year, shall expire on December 31 of the same year, and if issued after August 31 of any calendar year shall expire on December 31 of the succeeding calendar year, and may be renewed only in the manner hereinafter specified."

Regulation 2, § 218, was amended December 7, 1927, as follows: "Unless specifically limited to a shorter period, all permits issued prior to September 1 of any calendar year shall expire on December 31 of the same year, and all permits issued after August 31st of

any calendar year shall expire December 31st of the succeeding calendar year, unless renewed in the manner hereinafter specified."

The permittee contends that the amendment to Regulation 2, § 218, is null and void, and without effect, for the reason that the Commissioner could not limit the permit to expire before December 31st of the year of issue. According to the decision of the District Court of the Eastern district of Pennsylvania in Dauefer-Lieberman Brewing Company v. James M. Doran et al., 38 F.(2d) 831, the permit cannot be limited to expire before December 31st of the year of issue, and the part of the amendment which appears to authorize the Commissioner so to limit, is illegal and without effect.

But the other part of the amendment to the regulation, authorizing the Commissioner to limit the expiration of the permit at a period earlier than December 31st of the following year, is legal and effective, and it is this part of the amendment of the regulation which is effective in the case at hand. Under Regulation 2, § 218, the permit so granted would expire December 31, 1930, but under the amendment to this regulation, the Commissioner is authorized specifically to limit the permit to a shorter period, and, in the issuing of the permit in question, he limited the permit to expire December 31, 1929, and under the regulation as amended he was authorized so to limit the permit.

The court was correct in its decree of February 28, 1930, dissolving the injunction and in dismissing the bill, and that decree is here reaffirmed.